UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BRUCE ALLEN WILLIAMS, | Case No. 3:16-cv-0054-AC |
| Plaintiff, | FINDINGS AND RECOMMENDATION |
| v. | |
| NANCY A BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

**ACOSTA, Magistrate Judge:**

Bruce Williams ("plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Because the Commissioner's decision is supported by substantial evidence, the decision should be AFFIRMED.

\\\\\

\\\\\

1 – FINDINGS AND RECOMMENDATIONS

*Procedural Background*

Plaintiff filed his applications for SSI and DIB on November 7, 2012, alleging disability as of July 1, 2009. (Tr. 200-01.) The Commissioner denied his applications initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 110-13, 120-28.) An administrative hearing was held on November 21, 2014, and plaintiff amended his alleged onset date to April 27, 2011. (Tr. 26, 31.) After the hearing, the ALJ issued an unfavorable decision dated December 24, 2014. (Tr. 9-25.) The Appeals Council denied plaintiff's subsequent request for review on November 13, 2015, making the ALJ's decision final. (Tr. 1-6.) This appeal followed.

Plaintiff argues that the ALJ erred by: (1) rejecting the medical opinion of treating physician Kim Kelly, M.D.; (2) improperly rejecting his subjective symptom testimony; (3) improperly rejecting the lay testimony; and (4) failing to find his knee impairment to be severe at step two.

*Factual Background*

Born in April, 1961, plaintiff was 53 years old at the time of the hearing. (Tr. 33-34, 212.) He completed the twelfth grade and has past work experience framing and building houses. (Tr. 35, 50-51, 54, 217.) He alleges disability due to atrophy and weakness in his left hand, degenerative disc disease of the lumbar spine, a torn meniscus, recurrent thrombophlebitis, and diabetes. (Tr. 216.)

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla.

Page 2 – FINDINGS AND RECOMMENDATION

It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler,* 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue,* 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler,* 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert,* 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert,* 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert,* 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert,* 482 U.S. at 141.

At step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is

Page 3 – FINDINGS AND RECOMMENDATION

conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant can still perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141. At step five, the Commissioner must establish that the claimant can perform other work. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

*The ALJ's Findings*

The ALJ performed the sequential analysis. At step one, she found that plaintiff had not engaged in substantial gainful activity since his amended alleged onset date of April 27, 2011. (Tr. 14.) At step two, the ALJ concluded that plaintiff had the following severe impairments: mild degenerative disc disease of the lumbar spine, residuals from removal of lipoma of the left upper extremity, and diabetes. (Tr. 14.) At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. (Tr. 15.)

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that plaintiff could perform light work with the following limitations: he can lift and carry 10 pounds frequently and 20 pounds occasionally; he can stand or walk for 4 hours and sit for 4 hours in an 8-hour day; he can occasionally climb ramps and stairs but cannot climb ladders, ropes or scaffolds; he can occasionally stoop, kneel, crouch and crawl; he can do no overhead reaching with the left upper extremity; he can occasionally handle and finger with the left, non-dominant,

Page 4 – FINDINGS AND RECOMMENDATION

upper extremity; and he should avoid exposure to hazards such as unprotected heights and dangerous machinery. (Tr. 15.)

At step four, the ALJ found that plaintiff was unable to perform his past relevant work. (Tr. 19.) At step five, the ALJ determined that plaintiff retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy, including rental clerk and ticket taker. (Tr. 19-20.) The ALJ therefore concluded that plaintiff was not disabled. (Tr. 20.)

*Discussion*

I. Treating Physician Kim Kelly, M.D.

Plaintiff first argues that the ALJ erred by rejecting the opinion of treating physician Kim Kelly, M.D. The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008). The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician. *Lester*, 81 F.3d at 830. As is the case with the opinion of a treating physician, the

Page 5 – FINDINGS AND RECOMMENDATION

ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion. *Lester*, 81 F.3d at 830. Specific, legitimate reasons for rejecting a physician's opinion may include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040-41 (9th Cir. 2008).

Dr. Kelly opined that plaintiff would experience substantial difficulty with stamina, pain or fatigue if he were working full-time at light or sedentary levels. (Tr. 449.) She stated that plaintiff would need to change position or posture more than once every two hours because of back pain. (Tr. 451.) Dr. Kelly opined that plaintiff could stand and walk about four hours in an eight-hour day, and sit or stand for only 30 minutes before he would need to change position. *Id.* She opined that plaintiff must walk around every 20 minutes for about 10 minutes, and needed the opportunity to shift at will from sitting to standing or walking. (Tr. 452.) Dr. Kelly indicated that plaintiff had poor dexterity in his left hand and that he would be absent from work about once a month due to his impairments and treatments. (Tr. 453-54.)

The ALJ rejected parts of Dr. Kelly's opinion that were inconsistent with other credible evidence in the record. (Tr. 18.) First, the ALJ found that parts of Dr. Kelly's opinion were inconsistent with plaintiff's activities of daily living. The ALJ may discount a doctor's opinion to the extent that it conflicts with a claimant's daily activities. *Morgan v. Comm'r*, 169 F.3d 595, 601-02 (9th Cir. 1999). Here, the ALJ noted that plaintiff was able to complete extensive yard work, suggesting "greater abilities" than Dr. Kelly's opinion indicated. (Tr. 18, 467, 469.) It

Page 6 – FINDINGS AND RECOMMENDATION

was reasonable for the ALJ to conclude that plaintiff's activities contradicted Dr. Kelly's opinion that he was significantly limited in his physical abilities. The ALJ therefore provided a legally sufficient reason for rejecting Dr. Kelly's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ's rejection of Dr. Kelly's opinion was supported by substantial evidence and should be affirmed.

The ALJ also found that Dr. Kelly's opinion was contradicted by medical evidence in the record. (Tr. 18.) Here, an examination in September 2012 revealed that plaintiff had full finger extension/flexion with no tenderness in plaintiff's left hand. (Tr. 333-34.) This evidence arguably conflicted with Dr. Kelly's opinion that plaintiff had poor dexterity in his left hand. The ALJ properly resolved this conflict in the medical record by rejecting part of Dr. Kelly's opinion. *Carmickle*, 533 F.3d at 1164. In sum, the ALJ provided legally sufficient reason for rejecting Dr. Kelly's opinion. While plaintiff provides an alternative, reasonable interpretation of the evidence, the ALJ's evaluation of the evidence was rational and should be affirmed. *Massachi*, 486 F.3d at 1152.

II.  Plaintiff's Testimony

Plaintiff next argues that the ALJ erred by rejecting his subjective symptom testimony. The Ninth Circuit has developed a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ "must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Second, "if the claimant meets the first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms

Page 7 – FINDINGS AND RECOMMENDATION

only by offering specific, clear and convincing reasons for doing so.'" *Id.*, quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ's overall credibility determination may be upheld even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *Batson v. Comm'r*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Plaintiff testified that he suffers from pain in his arm and cannot grip with his left hand or extend the fingers of his left hand. (Tr. 41.) He can perform minor tasks but cannot perform his past work framing houses or fixing siding due to back pain. (Tr. 42.) Plaintiff suffers from knee pain when he goes into a deep knee bend, and a doctor instructed him not to lift over 10 pounds because of his back condition. (Tr. 44.) He stated that his knees go out about once a week, depending on how active he is. *Id.* Plaintiff testified that he cannot sit for more than an hour before he needs to stand up, and he can stand for about an hour before he needs to sit down. (Tr. 48.) Once or twice per week his pain is so intense that he cannot do anything and has to lie down. (Tr. 50.)

The ALJ rejected plaintiff's testimony regarding the severity of his symptoms and limitations. (Tr. 16-19.) First, the ALJ found that plaintiff's alleged symptoms and limitations were not consistent with his daily activities. (Tr. 18.) An ALJ may reject a claimant's allegations when they are inconsistent with his reported activities, even if he has some difficulty completing those activities. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012). Here, the ALJ noted that plaintiff was able to perform extensive yard work and help a friend with construction work. (Tr. 18, 457, 467, 469.) The record also reveals that plaintiff was at work in August 2011, after his alleged onset date. (Tr. 348.) These activities reasonably indicate that plaintiff was less impaired than alleged in his testimony, and the ALJ's inference rejection of plaintiff's testimony was rational. *Molina*, 674 F.3d at 1112-13.

Page 8 – FINDINGS AND RECOMMENDATION

Second, the ALJ found that plaintiff's testimony was contradicted by the medical evidence of record. (Tr. 17-18.) Minimal objective findings can undermine a claimant's credibility when other legally sufficient reasons for rejecting her testimony are present. *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, the ALJ noted that there was minimal evidence related to plaintiff's back pain. For example, in October 2012 plaintiff exhibited no tenderness and full range of motion, full lower extremity strength and negative straight leg raise. (Tr. 411.) An examination in September 2012 revealed full finger extension/flexion with no tenderness in plaintiff's left hand, contradicting plaintiff's testimony that he cannot extend the fingers on his left hand. (Tr. 41, 333-34.) It was reasonable for the ALJ to conclude from this record that plaintiff was less limited than alleged in his testimony. *Burch*, 400 F.3d at 680-81. Because the ALJ provided legally sufficient reasons for rejecting plaintiff's subjective symptom testimony, the court should affirm his credibility finding.

### III. Lay Testimony of Toni Williams

Plaintiff next argues that the ALJ erred by rejecting statements made by plaintiff's wife Toni Williams. The ALJ must provide "germane reasons" for rejecting lay witness testimony. 20 C.F.R. §§ 404.1513(d)(1), 416.913(d)(1); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

Ms. Williams stated that plaintiff could not do much with his left hand. She stated that he suffered from neck, back, and knee pain, and could no longer fish or hunt. Ms. Williams reported problems lifting, bending, standing, reaching, walking, sitting, climbing stairs, and using his hand. (Tr. 266-72.)

The ALJ found that Ms. Williams's testimony was generally credible, but rejected some of her opinion regarding the severity of plaintiff's limitations. (Tr. 18.) The ALJ found that Ms. Williams's opinion was inconsistent with plaintiff's daily activities, which, as discussed above,

Page 9 – FINDINGS AND RECOMMENDATION

include extensive yard work and construction work. (Tr. 18, 467, 469.) Ms. Williams's opinion also conflicted with objective medical evidence in the record, including evidence that plaintiff had full finger extension and flexion in his left hand, with no tenderness. (Tr. 333-34.) On this record, the ALJ provided germane reasons for rejecting Ms. Williams's testimony and her evaluation of the lay testimony should be affirmed. *Lewis*, 236 F.3d at 511.

IV.   Step Two Findings

Plaintiff also argues that the ALJ erred because she did not find his knee impairment to be severe at step two of the sequential analysis. At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen*, 80 F.3d at 1290 (quoting Social Security Ruling (SSR) 85–28). To establish the existence of a medically determinable impairment, the claimant must provide medical evidence consisting of "signs — the results of 'medically acceptable clinical diagnostic techniques,' such as tests — as well as symptoms." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). A claimant's own statement of symptoms alone is not enough to establish a medically determinable impairment. *See* 20 C.F.R. §§ 404.1508, 416.908.

The ALJ resolved step two in plaintiff's favor, but did not find plaintiff's knee condition to be a severe impairment. (Tr. 14-15.) Here, the ALJ considered the entire medical record and credited evidence that plaintiff's 2013 knee exam was normal and that he exhibited no objective symptoms to indicate a knee impairment. (Tr. 15, 446-47.) On this record, it was rational for the ALJ to infer that plaintiff's knee condition had no more than a minimal effect on his ability to

Page 10 – FINDINGS AND RECOMMENDATION

work. *Smolen*, 80 F.3d at 1290. The ALJ's reasonable interpretation of the evidence regarding plaintiff's knee condition should not be disturbed. *Massachi*, 486 F.3d at 1152.

*Recommendation*

The Commissioner's decision is supported by substantial evidence in the record, and should therefore be **AFFIRMED**.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 22nd day of May, 2017.

JOHN V. ACOSTA
United States Magistrate Judge